[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10473

Non-Argument Calendar

_____

DIONTE JERMAINE DAVIS,

Plaintiff-Appellant,

*versus*

TIFFANI S. KNOX,
Assistant Warden,
C. RUSSELL,
State Classification Officer,
TYLER WATSON,
Assistant Lieutenant,
RICHARD J. ANDREWS,
Classification Supervisor,
M.D. MASON,

2                    Opinion of the Court                    24-10473

Corrections Officer - Major, et al.,

                                                    Defendants-Appellees,

D. REED,
Corrections Officer, et al.,

                                                    Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:23-cv-00298-MMH-LLL

_____

Before WILSON, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

Upon review of the record and the appellant's response to the jurisdictional questions ("JQs"), we conclude that we lack jurisdiction over this appeal because it is not taken from final or otherwise appealable orders.  Dionte Davis appeals from the district court's order partially dismissing his complaint, and from a magistrate judge's order denying his motion for appointment of counsel.

In his response to our JQs, Davis argues that we have jurisdiction to review the district court's partial dismissal order, because

it dismissed claims for which he sought injunctive relief. *See* 28 U.S.C. § 1292(a)(1) (providing that we have jurisdiction to hear appeals from non-final orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions"); *see also Citizens Concerned About Our Children v. School Bd.*, 193 F.3d 1285, 1289-90 (11th Cir. 1999) (holding that an interlocutory order dismissing claims requesting injunctive relief may be appealable under 28 U.S.C. § 1292(a)(1) because it "has the effect of denying" injunctive relief). However, the partial dismissal order is not reviewable under § 1292(a)(1), because Davis never moved for a preliminary injunction or showed that the dismissal of his claims seeking injunctive relief would result in irreparable harm. *See Citizens Concerned About Our Children*, 193 F.3d at 1289-90 (concluding that order dismissing some but not all claims was not immediately appealable because, although the complaint requested injunctive relief, the appellant failed to show a risk of irreparable harm); *see also Edwards v. Prime, Inc.*, 602 F.3d 1276, 1290 (11th Cir. 2010) (dismissing appeal as to district court's order that injunctive relief was not available for certain claims because district court did not explicitly deny an injunction and plaintiffs never argued that irreparable harm may result from dismissal of those claims and never moved for a preliminary injunction). Davis requested damages and injunctive relief as to all claims and all defendants, generally, and that relief is still available because most of his claims are still pending in the district court.

We also lack jurisdiction over Davis's appeal from the magistrate judge's order denying his motion for appointment of

counsel. Davis appeals directly from that order, which is not immediately appealable because the district court has not adopted it or otherwise rendered it final. *See* 28 U.S.C. §§ 636, 1291; *Donovan v. Sarasota Concrete Co.*, 693 F.2d 1061, 1066-67 (11th Cir. 1982) (explaining that magistrate judge orders issued pursuant to 28 U.S.C. § 636(b) are not final and may not be appealed until rendered final by a district court).

Accordingly, this appeal is DISMISSED for lack of jurisdiction. All pending motions are DENIED as moot.